Tanya Moore, Esq. SBN 206683
K. Randolph Moore, Esq. SBN 106933
MOORE LAW FIRM, P.C.
332 N. Second Street
San Jose, CA  95112
Telephone (408) 271-6600
Facsimile (408) 298-6046

Attorneys for Plaintiff
JANICE EVANS

**FILED**

DEC 17 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR

E-Filing

E-Filing

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE EVANS, | No. |
| Plaintiff, | **Plaintiff's Complaint** |
| vs. | |
| WALGREEN CO. and SARATOGA LAND, LLC, | CV 10-05768 PSG |
| Defendants. | |

## I.    SUMMARY

1.    This is a civil rights action by plaintiff JANICE EVANS ("Evans") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Walgreens
1334 Saratoga Ave
San Jose, CA.
(hereafter "the Store")

2.    Evans seeks damages, injunctive and declaratory relief, attorney fees and costs, against WALGREEN CO. and  SARATOGA LAND, LLC, (hereinafter referred to collectively as Defendants), owners and operators of

*Evans v. Walgreen Co., et al.*

Plaintiff's Complaint

Walgreens ("Store"), pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 et seq.) and related California statutes.

## II.   JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.     Evans's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b),(c).

## IV.   PARTIES

7.     Defendants own, operate, and/or lease the Store, and consist of a person (or persons), firm, and/or corporation.

8.     Evans is legally blind, suffers from a damaged nervous system in her legs impeding her ability to walk and requires use of a wheelchair when traveling about in public.   Consequently, Evans is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.   FACTS

9.     The Store is a public accommodation facility serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.     Evans visited the Store and encountered barriers (both physical and intangible) that interfered with – if not outright denied – her ability to use and

*Evans v. Walgreen Co., et al.*

Plaintiff's Complaint

1  enjoy the goods, services, privileges, and accommodations offered at the
2  facility.  To the extent known by Evans, the barriers at the Store included, but
3  are not limited to, the following:

    1) Missing and/or incorrect warning signage is installed at the parking
       facilities;
    2) Accessible parking spaces and access aisles are not properly configured
       and/or exceed the maximum slope allowed;
    3) Illegal ramps encroach into accessible parking spaces and/or access
       aisles;
    4) Parking spaces and/or access aisles reserved for persons with
       disabilities are improperly marked and/or identified ;
    5) There is no properly configured and/or identified accessible route
       provided within the boundary of the site;
    6) There are no sufficient clearances provided;
    7) The public restroom provided is not properly configured and/or
       identified;
    8) The fixtures and accessories provided within the restroom are not
       installed properly and/or are not accessible;
    9) No detectable warning surface at every connection of accessible route
       and driveway is provided;
    10) Signage containing the International Symbol of Accessibility is not
        located at every primary public entrance and at every major exterior
        junction where the accessible route of travel diverges from the regular
        circulation path along or leading to an accessible route of travel;
    11) Aisles with merchandise on one side are not 36" in width or aisles
        serving both sides are not 44" in width;

*Evans v. Walgreen Co., et al.*

Plaintiff's Complaint

12)  Accessible register counters/check stands are not provided and/or not properly identified/configured.

These barriers prevented Evans from enjoying full and equal access.

11.  Evans was also deterred from visiting the Store because she became aware that the Store's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons.  Evans continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

12.  Evans also encountered barriers at the Store, which violate state and federal law, but were unrelated to Evans's disability.  Nothing within this complaint, however, should be construed as an allegation that Evans is seeking to remove barriers unrelated to Evans's disability.

13.  Defendants knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Defendants have the financial resources to remove these barriers from the Store (without much difficulty or expense), and make the Store accessible to the physically disabled.  To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.  At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Store to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  Defendants have not removed such impediments and has not modified the Store to conform to accessibility standards.  Defendants have intentionally maintained the Store in its current condition and has intentionally refrained from altering the Store so that it complies with the accessibility standards.

*Evans v. Walgreen Co., et al.*

Plaintiff's Complaint

15.     Evans further alleges that the (continued) presence of barriers at the store is so obvious as to establish Defendants' discriminatory intent.[1]  On information and belief, Evans avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Store; conscientious decision to the architectural layout (as it currently exists) at the Store; decision not to remove barriers from the Store; and allowance that Defendants' property continues to exist in its non-compliance state.   Evans further alleges, on information and belief, that Store is not in the midst of a remodel, and that the barriers present at the Store are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI.     FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

16.     Evans incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment   (or   use)   of   goods,   services,   facilities,   privileges,   and accommodations offered by any person who owns, operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

18.     Defendants discriminated against Evans by denying "full and equal enjoyment"   and   use   of   the   goods,   services,   facilities,   privileges   and accommodations of the Store during each visit and each incident of deterrence.

#### Failure to Remove Architectural Barriers in an Existing Facility

---

[1] E.g., Gunther v. Lin, 144 Cal.App.4th 223, fn.6

[2] Id.; 28 C.F.R. § 36.211(b)

*Evans v. Walgreen Co., et al.*

Plaintiff's Complaint

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21. Here, Evans alleges that Defendants can easily remove the architectural barriers at Store without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for Defendants to remove the Store's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct and Accessible Facility</u>

23. On information and belief, the Store was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

24. The ADA also prohibits designing and constructing facilities or first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25.   Here, Defendants violated the ADA by designing and constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public – including Evans – when it was structurally practical to do so.[3]

### Failure to Make an Altered Facility Accessible

26.   On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible.   42 U.S.C. § 12183(a)(2).   Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28.   Here, Defendants altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Evans – to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

29.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.   Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state of federal statutes.
*Evans v. Walgreen Co., et al.*

Plaintiff's Complaint

31.   Evans seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.   Evans also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII.  SECOND CLAIM

### Disabled Persons Act

33.   Evans incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36.   Both sections specifically incorporate (by reference) and individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37.   Here, Defendants discriminated against the physically disabled public – including Evans – by denying them full and equal access to the Store. Defendants also violated Evans's rights under the ADA, and therefore, infringed upon or violated (or both) Evans's rights under the Disabled Persons Act.

38.   For each offense of the Disabled Persons Act, Evans seeks actual damages (both general and special damages), statutory minimum damages of

*Evans v. Walgreen Co., et al.*

Plaintiff's Complaint

Page 8

1    one thousand dollars ($1,000), declaratory relief, and any other remedy

2    available under California Civil Code § 54.3.

3       39.   Plaintiff also seeks to enjoin Defendants from violating the

4    Disabled Persons Act (and ADA) under California Civil Code § 55, and to

5    recover reasonable attorneys' fees and incurred under California Civil Code §§

6    54.3 and 55.

7                  VIII.   THIRD CLAIM

8                  **Unruh Civil Rights Act**

9       40.   Evans incorporates the allegations contained in paragraphs 1

10    through 32 for this claim.

11       41.   California Civil Code § 51 states, in part, that;  All persons within

12    the jurisdiction of this state are entitled to the full and equal accommodations,

13    advantages, facilities, privileges, or services in all business establishments of

14    every kind whatsoever.

15       42.   California Civil Code § 51.5 also states, in part that: No business

16    establishment of any kind whatsoever shall discriminate against any person in

17    this state because of the disability of the person.

18       43.   California Civil Code § 51(f) specifically incorporates (by

19    reference) an individual's rights under the ADA into the Unruh Act.

20       44.   Defendants aforementioned acts and omissions denied the

21    physically disabled public – including Evans – full and equal accommodations,

22    advantages, facilities, privileges and services in a business establishment

23    (because of their physical disability).

24       45.   These acts and omissions (including the ones that violate the

25    ADA) denied, aided or incited a denial, or discriminated against Evans by

26    violating the Unruh Act.

27

28

*Evans v. Walgreen Co., et al.*

Plaintiff's Complaint

46.     Evans was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

47.     Evans also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48.     Evans incorporates the allegations contained in paragraphs 1 through 32 of this claim.

49.     Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

50.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.     Evans alleges the Store is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store was not exempt under Health and Safety Code § 19956.

52.     Defendants' non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Evans and other persons with physical disabilities.  Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X.     PRAYER FOR RELIEF

WHEREFORE, Evans prays judgment against Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

*Evans v. Walgreen Co., et al.*

Plaintiff's Complaint

2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expense, and costs of suit.[4]

5. Interest at the legal rate from the date of the filing of this action.

Dated: December 17, 2010
                                    /s/Tanya Moore
                                    Tanya Moore
                                    Attorney for Plaintiff

---

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Evans v. Walgreen Co., et al.*

Plaintiff's Complaint